By the Court,
Nelson, C. J.
The first general act authorizing associations to be formed into corporate bodies- was passed 22 Mrrch, 1811, and was limited to five years. It was continued to 1 May, 1817, by the act of 29 March, 1816, when it expired; but was again revived for five years by an act passed March 31, 1818 ; and on the 26th January 1821, an act was passed declaring that it “ he hereby received and continued in full force and operation, any thing contained in any other law to the contrary notwithstanding.” See all the acts on the subject, collected 3 R. S. 220 to 224. It is supposed by the counsel for the plaintiff in error, that this act in effect only extended that of 1811 to January, 1826, and that it then expired and has not been since in force. The argument is, that the five years limitation was incorporated in the original act of 1811, and formed an essential part of it, and that the simple revival necessarily included, embraced and carried it along with the other provisions ; *and hence must ex- [ *668 ] pire at the expiration of that period by its own limitation. The course of legislation on the subject, I think, fairly refutes this view. The several acts reviving the act of 1811, down to the one in question, were passed by the legislature obviously upon the supposition that an absolute revival would extend it indefinitely, and hence each of them contains a limitation as to time. The act of 1821 is alone absolute and unlimited in this respect, and was undoubtedly designed to give full force and operation to the original law of 1811, until repealed. Such has been the uniform understanding and usage under it.
Whether the acceptance of the engine by the defendant on board his boat, and continued use and enjoyment of it as his own for the purposes for which it was to be deemed, under the circumstances, a waiver as to furnishing the braces as a condition precedent to the payment of the money, was properly left to the jury; and their verdict is conclusive upon the question. Indeed, we do not see how any other conclusion could well be arrived at. Granting that the defendant insisted, both before and after the delivery of the engine, *510 that the braces must be furnished, it by no means necessarily follows that he intended thereby to indicate that no money would be paid till then, according to the contract; all that can be fairly implied is, that he meant to hold the plaintiffs accountable for them, and did not by accepting intend to waive the right to call for the article. After the acceptance and use, under the circumstances detailed in the case, it would require a very positive and specific reservation of a precedent condition, to preserve it with all its technical and penal consequences.
Judgment affirmed.